NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ALBERTO ASCENCIO GONZALEZ, AKA Jorge Alberto Ascencio Gonzalez, AKA Jose Pacheco Martinez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-70465 <br><br> Agency No. A200-975-078 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2020[**]
Pasadena, California

Before:  LIPEZ,[***] RAWLINSON, and N.R. SMITH, Circuit Judges.

Jorge Alberto Ascencio Gonzalez, a native and citizen of El Salvador,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

affirming an immigration judge's denial of his claims for withholding of removal and protection under the Convention Against Torture ("CAT").[1] Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

1. Ascencio argues that the agency lacked jurisdiction over his removal proceedings because he was issued a Notice to Appear ("NTA") that did not include the time, date, or location of his initial removal hearing. But "an initial NTA need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing." *Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020). Ascencio received a Notice of Hearing that supplied the missing date, time, and location information before his initial hearing. Thus, the immigration court had jurisdiction over Ascencio's removal proceedings.[2]

2. The BIA's determination that Ascencio had not established eligibility for withholding of removal is supported by substantial evidence. Ascencio concedes that the particular social group ("PSG") that he proposed before the immigration judge is "not legally cognizable." On appeal to the BIA, Ascencio argued for the first time that he would face persecution in El Salvador based on his membership

---

[1] The immigration judge also denied Ascencio's asylum claim, and he did not dispute his ineligibility for asylum before the BIA.

[2] The Respondent's motion to stay the proceedings is denied.

in a different PSG.  The BIA is "an appellate body whose function is to review, not to create, a record," *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (quoting *In re Fedorenko*, 19 I. & N. Dec. 57, 74 (BIA 1984)), and it "has the authority to prescribe . . . procedural default rules," *id*.  Thus, the BIA did not err by declining to consider the new PSG for the first time on appeal.

3.  The BIA's denial of CAT relief is also supported by substantial evidence. The BIA properly upheld the immigration judge's findings that Ascencio had demonstrated neither a particularized threat of torture should he be returned to El Salvador, see 8 C.F.R. § 208.16(c)(2), nor that the police in El Salvador would acquiesce in his torture by MS-13 gang members, see 8 C.F.R. § 208.18(a)(1).

**The petition for review is therefore DENIED.**