NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUREA ORTEGA-REYES,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    20-70079

Agency No. A076-658-468

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2020[**]
Pasadena, California

Before:  SILER,[***] BERZON, and LEE, Circuit Judges.

Aurea Ortega-Reyes ("Ortega") petitions for review of a final removal order

of the Board of Immigration Appeals ("BIA").  Our jurisdiction is governed by 8

U.S.C. § 1252.  We deny the petition because Ortega's proposed social group is not

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

cognizable within Mexican society. Additionally, there is insufficient evidence to compel a contrary conclusion on fear of future persecution and the Convention Against Torture ("CAT") claim. *Cf. INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (explaining that the BIA's decision should not be reversed unless the evidence compels a contrary conclusion).

1.     To establish past persecution, Ortega must show "(1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Doe v. Holder*, 736 F.3d 871, 877-78 (9th Cir. 2013) (internal citations and quotations omitted).

An asylum applicant can demonstrate persecution on account of a statutorily-protected ground by showing that she was persecuted based on "membership in a particular social group." 8 U.S.C. § 1101(a)(42)(A). For a proposed social group to be cognizable, it must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Rios v. Lynch*, 807 F.3d 1123, 1127-28 (9th Cir. 2015) (citation omitted).

To meet the third element, the distinction need not be a physical one: "to be socially distinct, a group need not be *seen* by society; it must instead be *perceived* as a group by society." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 212-18 (B.I.A.

2014). The task, then, is determining "whether a proposed particular social group's shared characteristic or characteristics would generally be recognizable by other members of the community, or whether there was evidence that members of the proposed group would be perceived as a group by society." *Reyes v. Lynch*, 842 F.3d 1125, 1136 (9th Cir. 2016) (internal quotation marks omitted).

Here, the IJ and BIA correctly concluded that Ortega's proposed particular social group comprised of "displaced Mexican women who are relatives of famil[ies] involved in land disputes with organized crime" was not cognizable because it was not distinct within Mexican society. Applicants often utilize country condition reports or press accounts to demonstrate that a group is cognizable within their community. *See Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013). Ortega did not present any such evidence, or any other, to support her assertion that this proposed group was cognizable in Mexico. The IJ correctly determined that Ortega's proposed social group was not a distinct group in Mexican society.

Moreover, we do not consider the two additional social groups raised by Ortega—her family and those who have refused to comply with cartel members' demands—because she did not properly exhaust them. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

2. To be eligible for withholding of removal based on future persecution, an applicant must show that it is "more likely than not that he or she would be

persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country." 8 C.F.R. § 1208.16(b)(2). Ortega claims a fear of future persecution based on her membership in a proposed social group of "displaced Mexican women who are relatives of famil[ies] involved in land disputes with organized crime" and based on her religion as a Seventh Day Adventist.

Ortega's first proposed social group fails for the reasons stated above. Additionally, there is insufficient evidence to demonstrate that the cartel is still seeking her family's land. Ortega stated that the land the cartel wanted in 1996 is currently owned by her sister who regularly visits the property without incident. Furthermore, the land is unoccupied. As such, there is scarce evidence to compel the conclusion that it is more likely than not that Ortega would be persecuted because the cartel wants her family's land.

There is also insufficient evidence to show that it is more likely than not that Ortega will be persecuted because she is a Seventh Day Adventist. While Seventh Day Adventists are not explicitly discussed in the *International Religious Freedom Report*, the report states that minority religions are generally freely exercised in Mexico. The report lists only isolated instances of discrimination and forced expulsion in a few communities resulting from refusal to participate in Catholic cultural festivities. Ortega stated that she did not know of anyone who experienced

harm for not being Catholic. As a result, there is insufficient evidence to compel the conclusion that it is more likely than not that Ortega would be persecuted in Mexico based on her religion.

3.    Moreover, because Ortega has not demonstrated that it is more likely than not that she will be *persecuted* upon her return to Mexico, she has necessarily failed to meet the higher standard to demonstrate that it is more likely than not that she will be *tortured* if she returns to Mexico. *Cf.* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment . . . ."). As a result, Ortega's CAT claim fails.

The petition for review is DENIED.[1]

---

[1] Ortega's motion to stay proceedings is denied as moot.