**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRCY ALEZANO-HERNANDEZ, | No. 19-72869 |
| Petitioner, | Agency No. A200-773-636 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2020
Pasadena, California

Before: WARDLAW and VANDYKE, Circuit Judges, and HILLMAN,** District
Judge.

Mircy Alezano-Hernandez ("Alezano-Hernandez"), a native and citizen of

Guatemala, petitions for review of an order of the Board of Immigration Appeals

("BIA") dismissing her appeal from a decision by an Immigration Judge ("IJ")

denying her application for asylum, withholding of removal, and relief under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Convention Against Torture ("CAT"). We review for substantial evidence the agency's factual findings. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition.

To be eligible for asylum, Alezano-Hernandez must establish she is "unable or unwilling" to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). She can establish that she is eligible for withholding of removal if her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The IJ denied Alezando-Hernandez's application for asylum and withholding of removal after determining that her proposed social group, "women subjected to rape as a method of government control," was not cognizable as it was exclusively defined by the persecution suffered by its members. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080-81 (9th Cir. 2020) (reaffirming the BIA rule that "a particular social group must 'exist independently' of the harm asserted in an application for asylum or statutory withholding of removal" (discussing *Matter of A-B-,* 27 I. & N. Dec. 316, 331-32, 334 (A.G. 2018))).

On appeal to the BIA, Alezano-Hernandez asserted that the IJ erred by not considering the social group "women in Guatemala." She contended this social

group was implicitly included in her proposal and is a cognizable social group because it is not defined by the harm suffered by its members. The BIA's refusal to consider Alzano-Hernandez's arguments regarding this alternative particular social group was not error as it had not been raised before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (BIA did not err in declining to consider argument raised for the first time on appeal). Additionally, substantial evidence supports the BIA's findings that: (1) Alezano-Hernandez's proposed social group of "women subjected to rape as a method of government control" was not cognizable, (2) her membership in her proposed social group was not the reason she had been targeted, (3) while she had been the victim of a crime, no nexus had been established to a protected ground, and (4) she did not face a fear of future persecution because she could avoid any potential harm by moving elsewhere in Guatemala.

As to Alezano-Hernandez's CAT claim, "[t]o demonstrate eligibility for withholding of removal under the CAT, an alien must show that it is more likely than not that a government official or person acting in an official capacity would torture [her] or aid or acquiesce in [her] torture by others." *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009) (quotation marks omitted). The BIA found that the record did not establish that it is more likely than not that upon Alezano-Hernandez's return to Guatemala the government would torture her, or aid or

3

acquiesce in her torture by others. Substantial evidence supports the BIA's determination.

Alezano-Hernandez's motion to stay removal is denied as moot.

The petition for review is **DENIED.**