NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IRIS ARACELY GARCIA-LOPEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    19-70224

Agency No. A206-368-324

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2020
Seattle, Washington

Before:  McKEOWN and BUMATAY, Circuit Judges, and MOSMAN,[**] District
Judge.

Iris Garcia-Lopez, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") denial of her applications for withholding of removal and protection

under the Convention Against Torture ("CAT").  The parties are familiar with the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael W. Mosman, United States District Judge for
the District of Oregon, sitting by designation.

facts, so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part, deny it in part, and remand for further proceedings.

We have jurisdiction to consider Garcia-Lopez's proposed particular social group of "Guatemalan women" because she exhausted this issue by raising it in her brief filed *pro se* before the BIA. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) ("Zhang raised the issue of Convention relief [in his brief] before the BIA, and our precedent requires nothing more."). Garcia-Lopez's failure to first raise this proposed particular social group before the IJ does not affect our *jurisdiction* to entertain it. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam) ("An issue may be presented to the Board for the first time on appeal and thus grant us jurisdiction to entertain it . . . .").

While Garcia-Lopez may have waived or forfeited this issue by failing to raise it before the IJ, the BIA itself neither applied its procedural default rules nor explained why it did not reach the merits of this proposed particular social group. Indeed, the BIA did not address this proposed particular social group at all, but instead considered only the proposed particular social group Garcia-Lopez raised before the IJ. This the BIA was not permitted to do. *See id.* ("[W]hile the [BIA] may address an argument by *applying* its default rules and *explaining* that it will not reach the merits, 'it goes without saying that IJs and the [BIA] are not free to

2

ignore arguments raised by a petitioner' entirely." (emphases added) (quoting *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005))).

Because Garcia-Lopez exhausted the proposed particular social group she now advances in her petition, but the BIA has not considered this particular social group—or properly concluded that it was waived or forfeited—remand is the appropriate remedy. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). Accordingly, we grant Garcia-Lopez's petition with respect to her withholding of removal claim and remand to the BIA to consider her proposed particular social group of "Guatemalan women" in the first instance.

Substantial evidence supports the agency's denial of CAT protection because, even assuming Garcia-Lopez testified credibly, she failed to show she would more likely than not be tortured by, or with the consent or acquiescence of, the government if she returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Accordingly, we deny Garcia-Lopez's petition with respect to her CAT claim.

**PETITION GRANTED IN PART, DENIED IN PART, and REMANDED.**