NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANA IBET ISAGUIRRE ELIAS; KRISTEL ANABEL CHOCHOM ISAGUIRRE,

Petitioners,

v.

ROBERT M. WILKINSON, Acting Attorney General,

Respondent.

No.   18-73203

Agency Nos.   A208-659-133
A208-659-134

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
San Francisco, California

Before:  SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Ana Isaguirre-Elias is a Guatemalan native who came to the United States in 2016 with her young daughter (collectively, Petitioners).[1] They tried to enter without valid documentation and were ultimately placed into removal proceedings. Petitioners conceded removability but applied for relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An immigration judge (IJ) denied their applications and the Board of Immigration Appeals (BIA) dismissed their appeal. Petitioners timely sought this court's review. As explained below, we deny the petition.

***Asylum and Withholding of Removal***. To be eligible for asylum or withholding of removal, applicants must establish a nexus between the persecution suffered and a protected ground, such as "nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (asylum); 8 U.S.C. § 1231(b)(3) (withholding of removal); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017).

Substantial evidence supports the BIA's determination that Petitioners failed to establish the requisite nexus. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010), *as amended* (reviewing nexus determination under highly deferential substantial evidence standard). Isaguirre-Elias testified that she fled Guatemala

---

[1] There are no relevant differences, for this disposition, between Isaguirre-Elias's and her daughter's applications for relief.

"[b]ecause of the fear of gangs," and that she is afraid to return because the gangs would be angry about her refusal to pay extortion demands. There is no evidence in the record, however, to suggest that the gangs targeted her because of a protected ground. Instead, Isaguirre-Elias testified that the gangs pursued her because of her perceived wealth, and admitted that this type of gang extortion was common for the area. "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Id.* at 1016; *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (upholding no-nexus finding where there was "no evidence that the perpetrators victimized [the applicant] on account of his race as opposed to" being targeted for theft).

Isaguirre-Elias also argues that the BIA erred by not considering her political opinion claim, but she never addresses her failure to raise a political opinion claim before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (holding that the BIA does not err by declining to consider protected grounds "that were raised for the first time on appeal"). Isaguirre-Elias contends that she sufficiently raised this claim by checking the "political opinion" box on her asylum application. But neither she nor her lawyer ever mentioned a political opinion claim during the merits hearing, nor did they offer any evidence that her refusal to

3

pay the extortionists was based on a political opinion.[2]  Isaguirre-Elias's failure to establish a nexus between the harm she fears and a protected ground constitutes substantial evidence supporting the BIA's denial of asylum.  *See Zetino,* 622 F.3d at 1016.  Because she "failed to meet [her] burden of proof for asylum," Isaguirre-Elias "necessarily failed to meet the higher burden of proof for withholding of removal."  *Ren v. Holder*, 648 F.3d 1079, 1094 n.17 (9th Cir. 2011).

Isaguirre-Elias's remaining arguments do not relate to the basis on which the BIA affirmed the IJ: her failure to establish the requisite nexus.  Accordingly, we do not address them here.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (limiting review to the grounds relied on by the BIA).

***Convention Against Torture.***  Applicants for CAT protection must demonstrate that it is "more likely than not" that they will be tortured "at the instigation of, or with the consent or acquiescence of" the government.  8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1).  Even if Petitioners established a likelihood of torture, substantial evidence supports the BIA's determination that they failed to demonstrate government acquiescence.  Petitioners' sole evidence on

---

[2] In any event, Isaguirre-Elias's political opinion claim is based on her refusal to submit to the gangs' criminal demands.  We have already held that mere refusal to comply with criminal demands, without more, does not establish a "political opinion."  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

this issue is the police response to an attempted kidnapping. But Isaguirre-Elias's own testimony reflects that the police were willing to act within 48 hours, given their workload. This evidence does not compel the conclusion that the BIA erred. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime."); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), *as amended* ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION DENIED.**