NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE A. GONZALEZ MORAN,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   19-72838<br><br>Agency No. A215-906-360<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2021[**]
Pasadena, California

Before:  W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Jose Gonzalez Moran, a native and citizen of Mexico, petitions for review of

a Board of Immigration Appeals (BIA) order upholding the denial of his

applications for asylum, withholding of removal, and protection under the

Convention Against Torture (CAT).  We deny Gonzalez's petition for review in

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

part and grant it in part.

**1.** Substantial evidence supports the BIA's finding that Gonzalez failed to establish a nexus between any past or future harm and a protected ground for his asylum and withholding of removal claims. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Before the immigration judge (IJ), Gonzalez sought relief based on an unspecified particular social group and explained that he feared harm because he was "caught in the territorial crossfire" between two rival drug cartels. Gonzalez credibly testified that he was targeted by two different cartels: The first cartel sought information about the whereabouts of his uncle, who was a member of a different cartel; the second cartel, whose members previously worked with his uncle, believed that Gonzalez had shared information with the first cartel. The BIA properly concluded that, rather than facing persecution on the basis of a particular social group, Gonzalez was "caught up in the crossfire of cartels fighting for territory" and thus merely a victim of general crime and violence unconnected to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Before the BIA, Gonzalez sought to raise the proposed particular social groups of "his uncle's family" and "Mexicans perceived to have opposed and taken concrete steps against the cartels." The BIA declined to address these groups because it held that Gonzalez failed to raise them before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019). Because the lack of a nexus is

dispositive, we need not decide whether the IJ should have considered any particular social groups not specifically raised by Gonzalez. The BIA properly denied his applications for both asylum and withholding of removal.

2. The BIA erred in its finding that Gonzalez failed to establish government or public official acquiescence to warrant protection under CAT. Gonzalez submitted a declaration stating that "armed men with soldiers' uniforms on" participated in the second cartel attack, during which cartel members beat and threatened to kill him. Gonzalez was otherwise found credible, so this evidence could support a finding of government acquiescence, even if the Mexican soldiers were merely passive bystanders. *See Madrigal v. Holder*, 716 F.3d 499, 509–510 (9th Cir. 2013). But in denying his CAT claim, the BIA relied on Gonzalez's testimony during the merits hearing, in which he responded "no" to the IJ's queries about whether he had ever been arrested by the police or experienced problems with the Mexican authorities. Both the IJ and the BIA construed this testimony as proof that Gonzalez could not show government acquiescence in any torture the cartels might inflict. The BIA's explanation takes Gonzalez's merits testimony out of context to refute his declaration. Gonzalez's testimony was only in reference to his own personal criminal history and does not necessarily disprove his declaration's assertion that Mexican soldiers acquiesced in the second cartel attack.

As a result, the BIA improperly denied Gonzalez's application for protection under CAT on the rationale provided.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; CASE REMANDED.**