NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN GEOVANNY CISNEROS, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No.   20-72462 Agency No. A094-304-017 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before:     FERNANDEZ, FRIEDLAND, and H.A. Thomas, Circuit Judges.

Marvin Geovanny Cisneros, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for abuse of discretion the agency's denial of a motion to reopen, and we review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying petitioner's motion to reopen as untimely where it was filed 18 months after the final removal order, and petitioner has not established that any statutory or regulatory exception applies. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order); 8 C.F.R. § 1003.2(c)(3) (listing exceptions).

The agency did not abuse its discretion in declining to reopen based on ineffective assistance of counsel where Cisneros failed to show prejudice from the performance of former counsel. *See Mohammed*, 400 F.3d at 793-94 (prejudice shown where counsel's performance was so inadequate it may have affected the outcome).

We lack jurisdiction to review the agency's decision not to reopen removal proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We do not consider Cisneros' contentions regarding introduction of his

mental health records, mistreatment in detention, and reconsideration of his applications for asylum, withholding of removal, and protection under the Convention Against Torture because the BIA did not decide the issue, *see Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA), and the BIA did not err in declining to consider the claims where raised for the first time on appeal, *see Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**