**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 7 2023

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERTA LIDIA RAMIREZ-VELASQUEZ, | No. 21-1282 |
| Petitioner, | |
| v. | Agency No. A209-837-525 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 3, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Berta Lidia Ramirez-Velasquez, a citizen of El Salvador, seeks review of the

Board of Immigration Appeals' ("BIA") denial of her appeal from an Immigration

Judge's ("IJ") order denying her application for asylum and withholding of

removal.[1] This court has jurisdiction under 8 U.S.C. § 1252 and denies the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] Ramirez-Velasquez forfeited any Convention Against Torture claims by failing to raise them in her opening brief. *See Perez-Camacho v. Garland*, 54 F.4th 597, 602 n.2 (9th Cir. 2022).

1.    Substantial evidence supports the BIA's conclusion that Ramirez-Velasquez failed to establish that she is eligible for asylum and withholding of removal.  To establish eligibility for asylum, Ramirez-Velasquez must demonstrate that she suffered past persecution or has a well-founded fear of future persecution on account of her membership in a particular social group.  8 U.S.C.  § 1101(a)(42).  For withholding of removal, she must show past persecution or that it is more likely than not that she will face future persecution.  *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021).

The BIA determined that the proffered group that Ramirez-Velasquez raised with the IJ—"members of the Ramirez family which includes a young male who refuses to join the gang and family members who refuse to cooperate with the gangs to make sure that the child joins the gang"—lacked social distinction.[2]  The BIA further determined that Ramirez-Velasquez did not establish that she experienced past harm rising to the level of persecution or that her family ties would be at least one central reason for the harm she suffered and fears.  Although "the family remains the quintessential particular social group," *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), substantial evidence supports the BIA's findings as to the lack of

[2] The BIA properly declined to consider Ramirez-Velasquez's proposed social group of "parents of minors of gang recruitment age that rebuff the gang's efforts" because it was not advanced before the IJ.  *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (concluding that the BIA "did not err when it declined to consider [the] proposed social groups that were raised for the first time on appeal").

2

persecution and nexus to a protected ground.

In order to establish "past persecution, an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000). Here, Ramirez-Velasquez testified that she and her son were threatened by gang members who wanted to recruit the son. She further testified, however, that neither she nor her son was physically harmed. Such "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021); *see also Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding of past persecution."). Ramirez-Velasquez thus has not presented evidence compelling a finding of past persecution, and substantial evidence supports the BIA's finding that she is not entitled to a presumption of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

Substantial evidence also supports the BIA's finding that Ramirez-Velasquez failed to establish a nexus between the harm she experienced and a protected ground. Ramirez-Velasquez has pointed to nothing in the record indicating that she or her son was threatened on account of their family ties, as opposed to the gang's general desire to sustain its criminal enterprise. Accordingly, the record does not compel a

3

finding that a protected ground was more than "incidental, tangential, superficial, or subordinate to another reason for harm"—namely, the gang's criminal motives. *Parussimova v.* Mukasey, 555 F.3d 734, 741 (9th Cir. 2009) (quoting *In re J-B-N & S-M*, 24 I. & N. Dec. 208, 214 (2007)).

2. <u>Ramirez-Velasquez's due process claims fail</u>. Ramirez-Velasquez argues for the first time that her due process rights were violated when the IJ found that she did not request voluntary departure without first informing her about the availability of such a remedy. This court may review a final order only when all administrative remedies available are exhausted. 8 U.S.C. § 1252(d)(1). Because Ramirez-Velasquez did not raise this due process claim before the BIA, it is unexhausted, and we do not review it.

Ramirez-Velasquez also argues that the BIA violated her due process by denying her claim without an opinion. Contrary to her assertion, however, the BIA did issue an opinion explaining its reasons for denying her desired relief. Therefore, Ramirez-Velasquez's second due process claim also fails.

**PETITION DENIED.**