**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

DENYS HONCHAROV, AKA Denys Vitalyevich Honcharov,

*Petitioner*,

v.

WILLIAM P. BARR, Attorney General,

*Respondent*.

No. 15-71554

Agency No.
A099-235-092

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 16, 2019
San Francisco, California

Filed May 29, 2019

Before:  J. Clifford Wallace, Sandra S. Ikuta,
and Morgan Christen, Circuit Judges.

Per Curiam Opinion

# SUMMARY[*]

## Immigration

Denying a petition for review, the panel held that the Board of Immigration Appeals does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained.

The panel held that the rationales behind waiver and forfeiture apply in the context of removal proceedings in the Executive Office of Immigration Review, and that the Board may apply a procedural default rule to arguments raised for the first time on appeal. Applying that holding, the panel concluded that the Board did not err when it declined to consider petitioner's proposed particular social groups that were raised for the first time on appeal.

Because it did not affect the resolution of the present petition, the panel noted that it would leave it for another case to decide what standard of review applies to the Board's decision to invoke such default, and what showing a non-citizen must make to the immigration judge to preserve an argument for Board review.

The panel addressed petitioner's other arguments in a concurrently filed memorandum disposition.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James Todd Bennett (argued), El Cerrito, California, for Petitioner.

John Williams (argued) and Leslie McKay, Senior Litigation Counsel; Terri J. Scadron, Assistant Director; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

PER CURIAM:

In this opinion we approve the Board of Immigration Appeals (Board)'s practice of refusing to address arguments raised for the first time on appeal. We address the petitioner's other arguments in a concurrently filed memorandum disposition.

Denys Honcharov is a Ukrainian national who was admitted to the United States in 2004 on a five-month visa. After the Department of Homeland Security initiated removal proceedings in 2009, Honcharov conceded removability but requested asylum, withholding of removal, and Convention Against Torture protection. An immigration judge (IJ) held a hearing on Honcharov's claims and asked Honcharov what social group he was a member of that led to his persecution. Honcharov responded "Ukrainian businessmen" and "witness victim to crime." The IJ denied all relief after determining that these groups did not qualify as "particular social groups" within the meaning of the asylum statute. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Honcharov appealed to the Board, now claiming that he was a member of three new particular social groups: "Ukrainian businesses targeted for and subject to extortion who thereafter refuse to cooperate," "Ukrainian businessmen subject to extortion by gangs the government is unwilling or unable to control," and "victim witnesses to criminal enterprises which the government is unwilling or unable to control." The Board declined to consider these particular social groups because they were raised for the first time on appeal. Honcharov then timely petitioned this court for review, arguing that the Board erred by failing to consider his proposed particular social groups. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Waiver and forfeiture are an important part of any adjudicative system, whether judicial or administrative.[1] These doctrines "preserve the integrity of the appellate structure" by ensuring that "an issue must be presented to, considered and decided by the trial court before it can be raised on appeal." *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1023 (10th Cir. 2007) (quoting *Tele–Communications, Inc. v. Comm'r of Internal Rev.*, 104 F.3d 1229, 1233 (10th Cir. 1997)). Particularly when the issue requires resolving disputed facts, such presentation is crucial because it allows

---

[1] As the Supreme Court has recently reaffirmed: "The terms waiver and forfeiture — though often used interchangeably by jurists and litigants — are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 n.1 (2017) (alterations, quotation marks, and citations omitted); *see also United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right" (quotation marks, citation, and emphasis omitted)).

the adjudicator with the best understanding of the case to make an initial determination, make the necessary findings, and conduct any additional proceedings necessary to reach a fair and just result. Waiver and forfeiture also encourage the orderly litigation and settlement of claims by preventing parties from withholding "secondary, back-up theories" at the trial court level, thus allowing party-opponents to appraise frankly the claims and issues at hand and respond appropriately. *See id.*

Waiver and forfeiture are thus important tools for preserving the structure of hierarchical court systems by allowing appellate courts to act as courts of "review, not first view." *Maronyan v. Toyota Motor Sales, USA., Inc.*, 658 F.3d 1038, 1043 n.4 (9th Cir. 2011) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). However, because "waiver is a discretionary, not jurisdictional, determination," *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010), it would not be appropriate to apply the doctrine to the present case without first considering whether the rationales behind waiver and forfeiture hold in the context of removal proceedings in the Executive Office of Immigration Review.**[2]**

---

**[2]** Waiver and forfeiture in this context are related to, but distinct from, the doctrines of exhaustion and remand to consider an overlooked argument. Exhaustion, as set forth in 8 U.S.C. § 1252(d)(1), is jurisdictional and therefore "generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). An issue may be presented to the Board for the first time on appeal and thus grant us jurisdiction to entertain it, even if we ultimately exercise that jurisdiction by declining to reach the merits. Similarly, while the Board may address an argument by applying its default rules and explaining that it will not reach the merits, "it goes

We conclude that the rationales do so hold. "Like circuit courts, the B[oard]'s ability to engage in fact-finding is limited." *Torres*, 483 F.3d at 1023. By regulation, the Board is structured to "function as an appellate body charged with the review of those administrative adjudications under the Act that the Attorney General may by regulation assign to it." 8 C.F.R. § 1003.1(d)(1). Consistent with its role as an appellate body, the Board "will not engage in de novo review of findings of fact determined by an immigration judge." *Id.* § 1003.1(d)(3)(i). The Board is thus "an appellate body whose function is to review, not to create, a record," *In re Fedorenko*, 19 I & N Dec. 57, 74 (BIA 1984), and it would be inappropriate to force it to consider new issues on appeal by judicial fiat. The Board also has the authority to prescribe procedural rules that govern the proceedings before it, and procedural default rules are consistent with this authority. *See* 8 C.F.R. § 1003.1(d)(4); *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008).

It is thus perhaps unsurprising that every other circuit to have addressed the issue has likewise concluded that the Board may apply a procedural default rule to arguments raised for the first time on appeal. *See Ocasio v. Ashcroft*, 375 F.3d 105, 108–09 (1st Cir. 2004); *Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015); *Canas-Flores v. Att'y Gen. U.S.*, 742 F. App'x 640, 645 n.2 (3d Cir. 2018); *Pantoja v. Whitaker*, 743 F. App'x 534, 534 (4th Cir. 2018); *Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004); *Xhuti v. Mukasey*, 281 F. App'x 536, 540 (6th Cir. 2008); *Pinos-Gonzalez*, 519 F.3d at 440–41 (8th Cir.); *Torres*, 483 F.3d at 1023 (10th Cir.). We now join our sister circuits and hold

---

without saying that IJs and the B[oard] are not free to ignore arguments raised by a petitioner" entirely. *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

that the Board does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained. *See, e.g.*, *In re W-Y-C- & H-O-B-*, 27 I & N Dec. 189, 190–91 (BIA 2018); *In re J-Y-C-*, 24 I & N Dec. 260, 261 n.1 (BIA 2007).

In light of our holding on this issue, the Board did not err when it declined to consider Honcharov's proposed particular social groups that were raised for the first time on appeal. Because it does not affect our resolution of the present petition, we leave it to another case to decide what standard of review we should apply to the Board's decision to invoke such default, and what showing a non-citizen must make to the immigration judge to preserve an argument for Board review.

**PETITION DENIED.**