NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AOTING SUN,<br><br>              Petitioner,<br><br>     v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>              Respondent. | No.    15-70430<br><br>Agency No. A089-795-482<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2020[**]

Before:  TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Aoting Sun, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his applications for asylum, withholding of

removal and protection under the Convention Against Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal. *Jiang v. Holder,* 611 F.3d 1086, 1091 (9th Cir. 2010). We review findings of fact for substantial evidence. *Id.* We grant the petition for review as to the claims for asylum and withholding of removal and remand for further proceedings on those claims. We deny the petition for review as to the CAT claim.

The BIA concluded Sun did not suffer past persecution, but a finding of past persecution is compelled by the record based on the totality of the circumstances. Sun was arrested, beaten by police and inmates, detained for three days, and subjected to a weekly reporting requirement upon release from detention. Contrary to the agency's conclusion that Sun was not precluded from practicing Christianity, the record reflects that police forbade Sun from attending his home church and from practicing his religion. *Guo v. Sessions*, 897 F.3d 1208, 1215-16 (9th Cir. 2018) (evidence compelled conclusion that alien had been persecuted given his beatings and release conditions).

A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Therefore, we remand this case to the BIA to determine in the first instance whether the government can rebut that presumption for Sun's asylum and withholding of removal claims. *Id.* at 1217.

We deny Sun's petition as to his CAT claim. Substantial evidence supports the agency's denial of CAT protection because Sun failed to show it is more likely

15-70430

than not he will be tortured by or with the consent or acquiescence of the government if returned to China.[1] *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

---

[1] Sun argues he will be tortured because he violated China's exit laws, however, he did not raise this argument before the IJ. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA does not per se err when it concludes that arguments raised for the first time on appeal do not have to be entertained).