**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYRA ANDRES-GALEOTE, | No. 18-71940 |
| Petitioner, | Agency No. A200-963-925 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2020
San Francisco, California

Before: SCHROEDER and BERZON, Circuit Judges, and MENDOZA,[**] District Judge.

Myra Andres-Galeote, a native and citizen of Mexico, petitions for review of

the denial by the Board of Immigration Appeals (BIA) of her claims for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Salvador Mendoza, Jr., United States District Judge for the Eastern District of Washington, sitting by designation.

withholding, and relief under the Convention Against Torture (CAT).  We deny the Petition.

Petitioner contends she was denied due process when the IJ refused to continue her hearing three days after she obtained counsel following the death of her prior attorney.  To establish a denial of due process, she must establish that the lack of preparation time may have affected the outcome of the proceeding.  *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006).  Petitioner has proffered no showing of prejudice.  She has similarly not shown that the lack of an interpreter in her native Nahuatl language resulted in any prejudice.  *See Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994).

The BIA did not err in concluding that Andres-Galeote failed to establish a probability of future persecution on account of a protected ground.  She has at best shown that years earlier, while she was a child, the government deprived her village of food and water as retaliation for the villagers' support of an opposing political party.  There is no indication in the record that this deprivation was based on the government's perception of Andres-Galeote's own political opinion, as she was a child at the time, so any such perception was extremely unlikely.  Nor does the incident support any inference that Petitioner would be singled out for persecution in the future on account of her political opinion.  Further, Petitioner

2

has not alleged any systematic pattern or practice of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009).

Nor did the BIA err in failing to consider whether the birth of her child was a changed circumstance meriting equitable tolling of the one-year limitation on the filing of motions to reopen. The argument was not raised before the IJ, and the BIA is not required to entertain arguments raised for the first time on appeal. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

Finally, Petitioner's challenge to the agency's jurisdiction on account of defects in the Notice to Appear is foreclosed by our Circuit precedent. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

Petition **DENIED**.