
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE REY GUTIERREZ PENALOZA, AKA Noe E. Abrego, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 18-72993 Agency No. A075-602-035 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2022
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Jose Rey Gutierrez Penaloza seeks review of a decision of the Board of

Immigration Appeals (BIA) dismissing his administrative appeal of an

Immigration Judge's (IJ) order denying his application for deferral of removal

under the Convention Against Torture (CAT).  We have jurisdiction under 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1252. We deny the petition in part, dismiss it in part, grant it in part, and remand in part to the agency for further proceedings.

The agency correctly held that, for purposes of CAT, government officials must specifically intend to inflict severe pain or suffering for their acts to constitute torture. *See Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008); 8 C.F.R. § 1208.18(a)(1). *Villegas* forecloses Gutierrez's argument that the requisite showing of intent under CAT can be satisfied merely by demonstrating that an alleged torturer intentionally engaged in conduct with knowledge to a practical certainty that the action would cause severe pain or suffering. *See* 523 F.3d at 989.[1] The BIA therefore applied the correct legal standard to assess the IJ's specific intent finding, and substantial evidence supports the agency's finding that abusive conditions— such as prolonged physical restraints and lobotomies—for detainees and prisoners with mental health issues and for individuals detained in mental health facilities are the result of neglect, a lack of options for controlling

---

[1] We reject Gutierrez's argument that the agency improperly relied on the Mexican government's alleged reform efforts, rather than focusing on the Mexican health workers' efforts (or lack thereof). CAT regulations instruct that: "all evidence relevant to the possibility of future torture shall be considered, including . . . [o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3)(iv). We also reject Gutierrez's argument that the IJ assumed she could not infer intent from the record because this argument is unsupported by the IJ's decision and contradicted by Gutierrez's argument that the IJ improperly considered circumstantial evidence (i.e., country conditions).

2

patients' violent behavior, or insufficient training and resources, as opposed to a specific intent to inflict severe pain or suffering.

We also reject Gutierrez's argument that the BIA erred in applying clear error review to the IJ's specific intent finding because "[w]hether government officials act with specific intent to inflict severe pain or suffering is a question of fact that is subject to clear error review." *Guerra v. Barr*, 974 F.3d 909, 913 (9th Cir. 2020) (as amended).

The BIA did not err in declining to address Gutierrez's claim that he would more likely than not be subject to torture in a Mexican homeless shelter, because Gutierrez waived that claim by failing to make a meaningful argument to the IJ about the risk of torture he would face in a homeless shelter. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97, 1296 n.2 (9th Cir. 2019) (per curiam).

The BIA erred in failing to address Gutierrez's arguments that he would more likely than not be subject to sexual abuse in a Mexican mental health facility.[2] Because we have held that rape and other forms of physical sexual abuse,

---

[2] The BIA also erred in stating that "although the record establishes that some individuals committed to mental health facilities have experienced abuse, [Gutierrez] has not shown that such abuse is so common that it is more likely than not that he will personally experience it," because the IJ did not make a factual finding as to the frequency of abuse in mental health facilities, and the BIA is not authorized to engage in factfinding. *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A).

3

such as sexual assault, may "rise[ ] to the level of torture for CAT purposes," *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015), we remand to the agency to address those claims in the first instance, *see INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).[3]  To the extent Gutierrez contends that he would more likely than not be subjected to sexual abuse in a Mexican penal institution, we lack jurisdiction to consider this unexhausted contention.  *See* 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th Cir. 2004).  In light of our remand, we do not reach the issue of whether the BIA failed to consider the aggregate risk of torture that Gutierrez would suffer if removed to Mexico.

**DENIED IN PART, DISMISSED IN PART, GRANTED IN PART, AND REMANDED IN PART.[4]**

---

[3] To the extent the IJ determined that Mexican health workers in public psychiatric institutions act in an official capacity for the purposes of CAT, the BIA erred in stating that Gutierrez "has not shown a sufficient likelihood that Mexican health workers, with the acquiescence of a Government official, would have the specific intent to torture him," because Gutierrez need not demonstrate government acquiescence if the torture was inflicted by "a public official or other person acting in an official capacity." *Avendano-Hernandez*, 800 F.3d at 1079–80 (quoting 8 C.F.R. § 1208.18(a)(1)).

[4] The parties shall bear their own costs on appeal.