NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR ERNESTO MARTINEZ MACHADO, AKA Hector Ernesto Machado-Martinez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  17-72329 <br><br> Agency No. A094-955-348 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022[**]
Phoenix, Arizona

Before:  WARDLAW and BUMATAY, Circuit Judges, and ZOUHARY,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

1.  Hector Ernesto Martinez Machado (Machado), a native and citizen of El Salvador, petitions for review of the Board of Immigration's (BIA's) denial of his petitions for withholding of removal, 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

2.  Substantial evidence supports the BIA's denial of Machado's petition for withholding of removal on adverse credibility grounds. Machado made multiple assertions that he was a citizen of Mexico when he is, in fact, a citizen of El Salvador. The IJ found that Machado's "testimony cannot be considered as credible, because [Machado] has continuously and repeatedly chosen to tell deliberate falsehoods, lies under oath, lies to public officials . . . and [has] engaged in conduct [to prevent] himself from being removed from the United States to his country of El Salvador."

We agree. Machado's "lies to immigration authorities cast[] doubt on his credibility and the rest of his story." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Machado lied repeatedly about his country of origin at the border and under oath in immigration court. The agency's finding that Machado's motivation was based on his desire to "go back to Mexico and make it easier on himself to return to the United States right away," is supported by substantial evidence in the record.

2

The *Akinmade v. INS*, 196 F.3d 951 (9th Cir. 1999) exception does not apply here. *Akinmade* held that "a genuine refugee escaping persecution may lie about his citizenship to immigration officials in order to flee his place of persecution or secure entry into the United States," and that such "misrepresentations to immigration officials" may be "wholly consistent with his claim to be fleeing persecution." 196 F.3d at 955. While an intentional lie made for the purpose of escaping persecution may not support an adverse credibility finding, *see id.*, here substantial evidence in the record supports the BIA's determination that Machado "lied to immigration officials because he wanted to go to Mexico to return easily and quickly back to the United States, not because he feared returning to El Salvador." Accordingly, substantial evidence supports the BIA's denial of Machado's petition for withholding of removal.[1]

3. Substantial evidence also supports the BIA's determination that Machado failed to establish eligibility under CAT because he could not show a clear probability of torture with government acquiescence. To be eligible for CAT protection, an applicant must establish that "it is more likely than not that he or she

---

[1] Because substantial evidence supports the BIA's denial of relief on adverse credibility grounds, the panel does not reach the question of whether substantial evidence supports the BIA's determination that Machado's proposed social group of "Salvadoran youth who refuse to join gangs" is not cognizable. Nonetheless, this Court has held that "young Salvadoran men who have resisted recruitment into the MS-13 [gang] do not constitute a particular social group." *Ramos-Lopez v. Holder*, 563 F.3d 855, 856 (9th Cir. 2009).

would be tortured if removed to the proposed country of removal."  8 C.F.R.

§ 1208.16(c)(2).  Machado's admission that the police conducted some

investigation into the crimes against his friends and family, even though their

murders remained unsolved, supports the BIA's finding that the government did

not acquiesce to torture here.  *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034

(9th Cir. 2014) (holding that "absent evidence of corruption or other inability or

unwillingness to oppose criminal organizations," general infectiveness on the

government's part to prevent and investigate crime does not show acquiescence).

4.  Machado also argues the 2011 stipulated removal order, in which he

waived his right to appeal, violated his due process rights because he was not

advised of his right to challenge the charge of deportability.  We have held that a

waiver of the right to appeal in an underlying stipulated removal proceeding

violates due process when "an uncounseled Spanish-speaking [] detainee did not

have the opportunity to appear before an IJ and was only advised of his right to

appeal by an immigration enforcement agent or deportation officer."  *United States

v. Ramos*, 623 F.3d 672, 681 (9th Cir. 2010).  However, Machado failed to raise

this issue to the IJ, and therefore the BIA "decline[d] to address this issue in the

first instance on appeal."

The BIA "has the authority to prescribe procedural rules that govern the

proceedings before it," and it "does not *per se* err when it concludes that arguments

4

raised for the first time on appeal do not have to be entertained." *Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019). Machado's due process claim was not addressed in the administrative proceedings because he failed to raise the issue before the agency. Thus, his claim is unexhausted. Because we "lack jurisdiction to consider this argument," *id.*, the claim must be dismissed. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 835 (9th Cir. 2022) (as amended) (holding that the court lacked jurisdiction to review a due process claim because the petitioner failed to exhaust it).

**PETITION DENIED IN PART; DISMISSED IN PART.**