NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ROBERTO MOLINA-SOCORRO, | No. 21-1416 |
| Petitioner, | Agency No. A205-314-131 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District Judge.[***]

Petitioner Jose Roberto Molina-Socorro, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") decision to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

1

affirm an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

Where the BIA adopts the decision of the IJ while adding its own reasoning, this court reviews both decisions and treats any additional findings by the BIA as part of the final agency decision. Arteaga-De Alvarez v. Holder, 704 F.3d 730, 735 (9th Cir. 2012). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." Perez-Portillo v. Garland, 56 F.4th 788, 792 (9th Cir. 2022). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In regard to Petitioner's asylum claim, substantial evidence supports the BIA's finding that Petitioner did not demonstrate exceptional circumstances that excuse his untimely asylum application. Where the agency held that the petitioner's application for asylum was untimely, our jurisdiction to review is limited to the BIA's determination of whether the undisputed facts constituted "changed or extraordinary circumstances." Al Ramahi v. Holder, 725 F.3d 1133, 1138 (9th Cir. 2013). The agency specifically considered Petitioner's argument that financial ability is an exceptional circumstance that excuses missing the one-

2

year filing deadline but properly concluded "that not having the money to apply for asylum and applying for [asylum] a decade later does not constitute an exceptional circumstance." Petitioner failed to demonstrate that his financial ability is an extraordinary circumstance that excuses the one-year bar. See id. at 1139 (rejecting the petitioners' claim that they lacked funds to hire an attorney because they "could have filed asylum applications themselves, sought pro bono counsel or other assistance, or contacted immigration authorities"). Therefore, Petitioner's asylum claim is denied.

As for Petitioner's withholding of removal claim, substantial evidence supports the agency's determination that Petitioner was ineligible for withholding of removal because his proposed social group of Salvadoran youth who have rejected or resisted recruitment efforts by MS-13 is not cognizable. Barrios v. Holder, 581 F.3d 849, 854 (9th Cir. 2009) ("[R]esistance to gang membership is not a protected ground."), abrogated on other grounds by Henriquez-Rivas v. Holder, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); Ramos-Lopez v. Holder, 563 F.3d 855, 862 (9th Cir. 2009) ("[W]e hold that young Honduran men who have been recruited by gangs but refuse to join do not constitute a particular social group."), abrogated on other grounds by Henriquez-Rivas, 707 F.3d at 1093; Santos-Lemus v. Mukasey, 542 F.3d 738, 745–46 (9th Cir. 2008) ("[W]e hold that the group that Santos–Lemus describes, young men in El Salvador resisting gang

3

violence, is too loosely defined to meet the requirement for particularity."), abrogated on other grounds by Henriquez-Rivas, 707 F.3d at 1093. Petitioner's proposed social group is foreclosed by precedent, and he fails to show any reason for us to depart from those prior decisions.

Petitioner argues, as he did to the BIA, that the IJ should have considered that he received an actual death threat from the gang and that he will be perceived as a wealthy American in assessing whether he belongs to a particular social group. To the extent that Petitioner seeks to alter the scope of his particular social group by referring to a death threat and to his being perceived as a wealthy American, the BIA permissibly declined to consider the newly proposed social group because Petitioner did not make that argument before the IJ. See Honcharov v. Barr, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) ("[T]he Board did not err when it declined to consider Honcharov's proposed particular social groups that were raised for the first time on appeal."). Because the issue of whether Petitioner's proposed social group is dispositive, we need not reach whether the agency erred in declining to consider the actual death threat for the purpose of past persecution.

**PETITION DENIED. The stay of removal will remain in place until the mandate issues.**