NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN MANUEL CAMPOS-CAMPOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1278

Agency No. A087-764-214

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2023[**]
Seattle, Washington

Before: W. FLETCHER, R. NELSON, and COLLINS, Circuit Judges.

Petitioner Juan Manuel Campos-Campos, a citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") dismissing his

appeal from a decision of an Immigration Judge ("IJ") denying his applications for

asylum, withholding of removal, and protection under the Convention Against

Torture. We have jurisdiction under § 242 of the Immigration and Nationality Act,

8 U.S.C. § 1252, and § 2242(d) of the Foreign Affairs Reform and Restructuring

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without
oral argument. See FED. R. APP. P. 34(a)(2)(C).

Act, 8 U.S.C. § 1231 note. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–91 (2020). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Substantial evidence supports the agency's conclusion that Campos-Campos's proposed social group of any "man targeted by smugglers who helped him enter the United States without inspection and whom he failed to pay after being kept against his will" lacks social distinction, as required to support a claim for asylum or withholding of removal. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 & n.7 (9th Cir. 2023).

We reject Campos-Campos's claim that the BIA should have considered additional social groups beyond the single group identified above. The IJ specifically asked Campos-Campos's counsel at the merits hearing whether she wished the IJ to consider any other proposed social groups. Campos-Campos's counsel responded, "No, Your Honor." "[T]he Board did not err when it declined to consider [Campos-Campos's] proposed particular social groups that were raised for the first time on appeal." *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

2. In any event, substantial evidence supports the agency's alternative conclusion that Campos-Campos's fear of "being harmed by the smuggler who helped him enter the United States illegally, who presumably believes that the respondent still owes him money," bore no nexus to a protected ground. When asked at his merits hearing whether, "the whole time, his motivation, the coyote's motivation[,] has been money," Campos-Campos answered, "Yes." When asked a follow-up question as to whether the smuggler had "done anything because he doesn't like you," Campos-Campos responded that "I don't know if he didn't like me or not, he wanted money the whole time." Applying the correct nexus standards for both asylum and withholding of removal, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), the agency permissibly concluded that Campos-Campos's fear of future persecution bore no nexus to a protected ground as required to support a claim for asylum or withholding of removal. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3. Substantial evidence likewise supports the agency's conclusion that Campos-Campos failed to show that he would "more likely than not" be tortured in Mexico by or with the acquiescence of a public official. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021). Campos-Campos testified that he did not

3

know the smuggler he feared personally; that he never met the smuggler in person; that he did not know his name; that the smuggler was not from Campos Campos's hometown, although he was "a distant family relation"; and that neither Campos-Campos, nor anyone he knew, had had contact with the smuggler since 2010. The agency permissibly concluded that Campos-Campos's fear of the smuggler was insufficient to show that torture by or with the acquiescence of the Mexican government was "more likely than not" to occur if Campos-Campos returned to Mexico. *See id.*

Petition **DENIED**.