**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

FEB 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ISABEL NIETO-CASTRO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-453

Agency No.
A076-714-266

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2024[**]
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Petitioner Maria Isabel Nieto-Castro (Nieto-Castro), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' (BIA)

dismissal of her appeal from the Immigration Judge's (IJ) decision denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention Against Torture (CAT). We deny the petition.

1. Nieto-Castro sought withholding of removal based on her testimony that she was sexually abused by her older cousins due to her membership in the particular social group (PSG) "members of the Nieto-Castro family."[1] Substantial evidence supports the BIA's conclusion that Nieto-Castro is not eligible for withholding of removal. A petitioner must show that their membership in a PSG was a reason why actors were motivated to harm them. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017). Nieto-Castro stated that she thought that her cousins abused her as a child because they were exploiting their power over younger kids or had been sexually assaulted. Nieto-Castro did not claim that her cousins were motivated to harm her due to some characteristic unique to her family membership.

A petitioner's well-founded fear of future persecution can be the basis for asylum if it is "subjectively genuine and objectively reasonable." *Halim v. Holder*,

---

[1] Nieto-Castro only asserted one PSG of "members of the Nieto-Castro family" before the IJ, and answered in the negative if she was asserting any additional PSGs. Before the BIA and this court, she argued for the first time that the IJ should have considered additional PSGs, including "females who are unable to leave a domestic relationship in Mexico" and "females in Mexico." "[T]he Board did not err when it declined to consider [Nieto-Castro's] proposed particular social groups that were raised for the first time on appeal," *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019), and we similarly do not consider them here, s*ee Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

590 F.3d 971, 976 (9th Cir. 2009) (citation omitted). Nieto-Castro admitted that she no longer fears her cousins, and that her fear of harm largely stems from leaving her children in the United States and generalized fear of violence in Mexico. Accordingly, substantial evidence supports the agency's determination that Nieto-Castro failed to demonstrate that she will more likely than not be subject to future persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021).

2. Under regulations implementing CAT, an applicant must show her torture "is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Acquiescence to torture requires an official's actual knowledge or willful blindness to acts of torture. *Zheng v. Ashcroft*, 332 F.3d 1186, 1194–95 (9th Cir. 2003). Nieto-Castro admitted that she did not report her cousins to the authorities or to her parents. Although reporting to the police is not required for relief under CAT, *see Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006) ("[W]e have never required that an applicant report his alleged torture to public officials to qualify for relief under CAT."), nothing in the record compels the conclusion that reporting would have been futile, or that the government would have acquiesced to the abuse. Therefore, Nieto-Castro failed to establish that Mexican authorities would consent or acquiesce to her torture by her cousins.

3.  Nieto-Castro also argues that her prior order of removal should not have been reinstated against her because she re-entered the United States legally.  She claims that she was improperly placed into withholding-only proceedings.  We disagree.  Nieto-Castro admitted that she re-entered the United States when she did not possess valid documentation permitting her entry.  This is an unlawful re-entry.  *Tomczyk v. Garland*, 25 F.4th 638, 644–47 (9th Cir. 2022) (en banc) ("[A]n individual's inadmissible status renders that individual's reentry illegal regardless of the manner of reentry.").

The petition for review is **DENIED.**