NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARINA GONZALEZ IBARRA; MARGARITA LIZAMA GONZALEZ; JOSE LIZAMA GONZALEZ, | No. 23-2165 |
| | Agency Nos. A208-930-705 A208-930-706 A208-930-707 |
| Petitioners, | |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2024[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Marina Gonzalez Ibarra, a native and citizen of El Salvador, and her minor

children as rider-derivatives, petition for review of an order from the Board of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA") dismissing their appeal of an order from an Immigration Judge ("IJ") denying Gonzalez Ibarra's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where the BIA conducts its own review of the evidence and law, . . . our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)). We review questions of law de novo and findings of fact for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1. The BIA did not err in concluding that Gonzalez Ibarra's proposed particular social group of "small business owners threatened and extorted by local gangs" was not cognizable. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014) ("[A]n applicant for asylum or withholding of removal seeking relief based on 'membership in a particular social group' must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question"). Gonzalez Ibarra has not argued, and the record does not compel the conclusion, that small business ownership is a characteristic that she cannot change or is fundamental to her identity or conscience. *See Matter of W-G-R-*, 26 I. & N.

Dec. 208, 212–13 (B.I.A. 2014) (an immutable characteristic is "one 'that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences.'") (quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 233 (B.I.A. 1985)); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 881–83 (9th Cir. 2021) (upholding BIA's determination that "Mexican wealthy business owners who do not comply with extortion attempts" was not a cognizable particular social group).[1]

2. The BIA determined that Gonzalez Ibarra forfeited review of the denial of CAT relief because she had not "meaningfully challenged" it in her brief. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 n.2 (9th Cir. 2019) (per curiam) (explaining that the BIA "may address an argument by applying its default rules and explaining that it will not reach the merits"). By failing to contest the BIA's forfeiture determination, she has forfeited our review of it.[2] *See Nguyen v. Barr*,

---

[1] Gonzalez Ibarra's brief asserts, without argument, that she belongs to "a social group" of "Salvadorian female[s] who [were] targeted for extortion by gang members." To the extent Petitioner is proffering a new particular social group, we do not consider it because it was not exhausted before the BIA. *See* 8 U.S.C. § 1252(d)(1).

[2] Although the BIA used the term waiver, we use the term forfeiture throughout for consistency. *See Honcharov*, 924 F.3d at 1296 n.1 ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right.") (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 n.1 (2017)).

983 F.3d 1099, 1102 (9th Cir. 2020) (applying forfeiture where petitioner did not raise issue in the opening brief).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.