**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JUANA CRUZ CARMONA; NANCY ARELI LOPEZ CRUZ; CARLOS EDUARDO LOPEZ CRUZ,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No. 23-2461<br><br>Agency Nos.<br>A098-762-926<br>A208-308-975<br>A208-308-976<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024**

Before: WARDLAW, PAEZ, and SANCHEZ, Circuit Judges.

　　　Juana Cruz Carmona ("Cruz"), her daughter Nancy Areli Lopez Cruz

("Nancy"), and her son Carlos Eduardo Lopez Cruz ("Carlos") ("Petitioners"),

natives and citizens of Mexico, petition for review of a decision of the Board of

---

　　　*　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　**　　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA") affirming an order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA affirmed without opinion, we review the IJ's decision as the final agency determination, *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 920 (9th Cir. 2006), and we review the denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition for review.

1.    Substantial evidence supports the IJ's determination that Petitioners are ineligible for asylum or withholding of removal because they failed to establish that they face future persecution in Mexico on account of a protected ground. Nancy and Carlos's past experiences of discrimination on account of their Mixteco ethnicity do not compel the conclusion that future discrimination would reach the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) ("'[M]ere discrimination,' by itself, is not the same as persecution." (alteration in original) (citation omitted)). Likewise, Nancy's testimony regarding harassment on account of her sexual orientation, as well as the country conditions evidence of discrimination against lesbian women, is not sufficiently "direct[] and specific" to support the conclusion that she has a reasonable fear of harm rising to the level of persecution. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1213 (9th Cir. 2004). Finally,

substantial evidence supports the IJ's determination that Petitioners' proposed particular social group ("PSG"), "the Cruz Carmona family," lacks a nexus to a fear of future harm, given Petitioners' testimony that Cruz's ex-brother-in-law never harmed or threatened them. Moreover, Petitioners failed to connect the threatening phone call Nancy received to their family membership.[1]

2.      Substantial evidence supports the IJ's determination that Petitioners failed to establish their eligibility for protection under CAT. A noncitizen seeking CAT protection must show that it is more likely than not that they will be subjected to torture by or with the acquiescence of a public official in their native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioners did not provide any evidence that they would be targeted for future harm by or with the acquiescence of government officials, and generalized assertions about country conditions are insufficient to compel the conclusion that Petitioners would face torture in Mexico. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–707 (9th Cir. 2022) (denying petition for review because country conditions evidence acknowledging "crime and police corruption in Mexico generally" did not

---

[1]      On appeal, Petitioners assert that Cruz and her daughter Nancy are entitled to relief based on their membership in the PSG of "Mexican women." Because Petitioners failed to raise this PSG to the IJ, we do not reach it here. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

demonstrate that the petitioner faced a "particularized, ongoing risk of future torture").

**PETITION DENIED.**