**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA MAYRANE ALVARADO SUAREZ; SANTIAGO MIGUEL GUEVARA ALVARADO; MARIA DULCE ALVARADO SUAREZ; KEILY VICTORIA ALVARADO SUAREZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-3572<br><br>Agency Nos.<br>A216-913-889<br>A216-913-890<br>A216-913-898<br>A213-913-899<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2025[**]
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Maria Mayrane Alvarado Suarez ("Maria Mayrane"), her sister Maria Dulce

Alvarado Suarez ("Maria Dulce"), and their two minor children, natives and

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

citizens of Mexico, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Our review is limited to the BIA's decision except to the extent that it expressly adopts the IJ's opinion. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). When the BIA conducts an independent review of the record but its analysis on an issue "is confined to a simple statement of a conclusion, we also look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quotation marks and citation omitted). We review factual determinations for substantial evidence and questions of law de novo. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Exercising jurisdiction under 8 U.S.C. § 1252(a), we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition.

**1.** The BIA's determination that Petitioners are ineligible for asylum and withholding of removal requires remand.

First, in determining that Petitioners failed to demonstrate a nexus between their feared harm and a protected ground, the BIA failed to consider "highly probative" and "potentially dispositive" evidence of their persecutors' motives. *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011). The BIA held that any harm

2                                                                              24-3572

Petitioners feared would be motivated solely by gang members' desire to extort and not on account of a protected ground. But Jalisco New Generation Cartel ("CJNG") members texted Maria Dulce that they would kill her and her sister if they went to the police, which they subsequently did. This is highly probative and potentially dispositive evidence that gang members would seek to harm Petitioners because they reported CJNG activities to the police.[1] Because the agency failed to mention, let alone analyze, this evidence of the CJNG's motives, its nexus determination cannot stand. *See Meza Diaz v. Bondi*, No. 23-973, 2025 WL 764415, at *6 (9th Cir. Feb. 25, 2025).

Second, the BIA's determination that Petitioners failed to show that the Mexican government was unwilling and unable to control CJNG members is not supported by substantial evidence. First, Petitioners credibly testified that for days after filing their police report, they never heard back from the police, and the police never provided the resources or patrols they promised. "When the government has promised future action but taken none, we have concluded the government was either unwilling or unable to exercise such control." *Antonio v. Garland*, 58 F.4th 1067, 1077 (9th Cir. 2023). Second, country conditions

---

[1] The BIA assumed that Petitioners' proposed social group of Mexicans or Mexican women who take concrete steps against gangs, such as by reporting their activities to the police, was cognizable. Nothing in this disposition precludes the BIA from reconsidering the cognizability of the particular social groups proposed by Petitioners.

evidence compels the conclusion that the Mexican government is unable to control organized crime, and that in some cases, the police have been working in concert with cartels. *See Madrigal v. Holder*, 716 F.3d 499, 506-07 (9th Cir. 2013). As one article recognized, "in state after state, the Mexican government long ago relinquished effective control of whole towns, cities and regions to the drug cartels."

Finally, the agency relied on a misstatement of the record in determining that Petitioners could safely and reasonably relocate within Mexico. The agency asserted that Petitioners' family lived on a ranch "away from Guanajuato." But the record clearly establishes that the ranch is in the state of Guanajuato.[2] Since the location of the ranch appears to have been important to the agency's relocation determination, this determination cannot stand either. *See Cole*, 659 F.3d at 772-73.

None of these three bases for the BIA's denial of Petitioners' claims for asylum and withholding of removal can stand. We thus grant the petition as to these claims and remand to the BIA for further proceedings not inconsistent with this disposition.

---

[2] It is troubling that neither the BIA nor the government corrects the IJ's misstatement. In fact, the government's brief asserts that Petitioners' family ranch is "outside of Guanajuato" while citing to declarations that directly contradict that assertion.

**2.** The BIA's adjudication of Petitioners' CAT claim also requires remand. First, "in violation of our precedent and CAT's implementing regulations," the BIA failed to mention, let alone analyze, key evidence relevant to Petitioners' future risk of torture. *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). Maria Mayrane and Maria Dulce were both threatened with death by one of "Mexico's most powerful and violent criminal organization[s]" if they failed to pay the extortion sum or if they went to the police. And Maria Dulce declared that at least one other store owner in her town was murdered for failing to pay an extortion sum. Second, the BIA held that the harm Petitioners fear does not rise to the level of torture. But Petitioners fear they will be murdered, and killings constitute torture under CAT. *See id.* at 915. Even the threat of imminent death can constitute torture. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Finally, the agency's determination regarding relocation may have been affected by its misconception of where Petitioners' family ranch was located. Remand is therefore required for the BIA to reconsider Petitioners' CAT claim.

**3.** We agree with the BIA, however, that the IJ was not required to analyze separately the minor children's applications for asylum, withholding of removal, and protection under CAT. Petitioners never argued before the IJ that the children had distinct bases for their claims for relief. The children's applications directed the agency to their mothers' declarations, and the mothers' declarations did not

suggest that the children had distinct bases for their claims.  Thus, the IJ did not err in failing to consider the children's applications separately.  Because Petitioners did not argue that there were distinct bases for the children's applications before the IJ, the BIA was not required to consider the argument for the first time on appeal.  *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).  Likewise, we do not consider the argument in the first instance because it is unexhausted, and the government has properly raised the exhaustion requirement.  *See Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024).

**PETITION GRANTED AND REMANDED.**