NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARTEMIO VILLEGAS-OLEA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 21-784 <br><br> Agency No. <br> A213-079-174 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2025[**]
Pasadena, California

Before: BYBEE, IKUTA, and FORREST, Circuit Judges.

Petitioner Artemio Villegas-Olea is a Mexican citizen and national who first entered the United States in 2005. Villegas-Olea seeks review of a Board of Immigration Appeals ("BIA") order dismissing his appeal of an immigration judge's ("IJ") order removing him from the United States. We deny his petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"The BIA's legal determinations are reviewed de novo and its factual findings for substantial evidence. To the extent the BIA reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019) (citations omitted). We review the BIA's determination of hardship for cancellation of removal under the substantial evidence standard. *See Gonzalez-Juarez v. Bondi*, __ F.4th __, 2025 WL 1440220 (9th Cir. May 20, 2025).

1. Villegas-Olea challenges the IJ's decision to admit into evidence Immigration and Customs Enforcement's ("ICE") Form I-213, which describes his March 2017 arrest and identifies him as a noncitizen. Villegas-Olea argues that the IJ should have suppressed the Form I-213 under the exclusionary rule as fruit of the poisonous tree because the ICE officials who prepared the form violated his Fourth Amendment rights by conducting an unconstitutional search and seizure. Villegas-Olea argues that, because the I-213 was suppressible, "[t]he IJ's removability finding" is "reversible legal error."

We decline to consider whether ICE's alleged seizure of Villegas-Olea violated the Fourth Amendment because the government produced independent evidence of Villegas-Olea's alienage. At Villegas-Olea's removal hearing, DHS submitted into evidence a San Diego Sheriff's Inmate Report from January 2017 that described Villegas-Olea as an "undocumented person." Although Villegas-Olea

argues on appeal that this Inmate Report also should have been suppressed, he did not object to admission of the Inmate Report at his removal hearing. Therefore, Villegas-Olea failed to exhaust any objection to admission of the Inmate Report, which was independent evidence of his alienage. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019). There was thus substantial evidence for the IJ and BIA to conclude that Villegas-Olea was removable regardless of whether the agency erred in considering the Form I-213.

2.      Villegas-Olea challenges the BIA's determination that his U.S. citizen relatives would not experience "exceptional and extremely unusual" hardship if he were removed to Mexico. Substantial evidence supports the BIA's conclusion. At the time of his hearing, Villegas-Olea had been estranged from his "dependent" wife for a large portion of their brief marriage, and his wife earned more money than he did. And, despite Villegas-Olea's reference to unidentified minor children, his "dependent" stepson is an adult who earned an independent income. Substantial evidence supports the BIA's conclusion that Villegas-Olea's relatives would not face "exceptional and extremely unusual" hardship if he were removed, and it consequently did not err in denying him cancellation of removal.

3.      Villegas-Olea argues that the immigration court lacked subject matter jurisdiction over his removal proceedings because the government initially served him with a deficient Notice to Appear that failed to specify the time and date of his

hearing.  But because Villegas-Olea failed to raise this argument before the BIA, this claim is unexhausted, and we decline to consider it.  *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).

We **DENY** the petition for review.