**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LILIAN LISBETH COYOY-JUAREZ DE FUENTES, | No. 24-2819 |
| | Agency No. A202-087-948 |
| Petitioner, | |
| v. | MEMORANDUM* |
| PAMELA J. BONDI, United States Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2025**
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Lilian Lisbeth Coyoy-Juarez de Fuentes (Coyoy-Juarez), a native and citizen

of Guatemala, petitions for review of a decision of the Board of Immigration Appeals

(BIA) dismissing her appeal of a decision from the Immigration Judge (IJ) denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her applications for withholding of removal and protection under the Convention Against Torture (CAT). We deny the petition.

1. Coyoy-Juarez only sought withholding of removal. Before the IJ, she proposed the particular social group (PSG) of "mothers who are or have been forced to remain in abusive relationships with husbands who cannot, or will not[,] be arrested by local authorities." The IJ found that she was not a member of that group, which did not constitute a cognizable PSG in any event. The IJ also denied Coyoy-Juarez's application for protection under CAT, finding that she "failed to meet her burden in establishing that it is more likely than not that she would be subjected to torture upon her return."

In her brief to the BIA, Coyoy-Juarez did not challenge the IJ's finding that she was not a member of her PSG, or the finding that the group was not cognizable. As a result, the BIA concluded that Coyoy-Juarez had waived any challenge to the IJ's findings addressing her proposed PSG. Similarly, because Coyoy-Juarez did not specifically challenge the IJ's CAT finding, the BIA also deemed this argument waived. Viewing those issues as dispositive to Coyoy-Juarez's applications for relief, the BIA affirmed the IJ's decision, and dismissed the appeal.

The BIA committed no error in dismissing Coyoy-Juarez's appeal for failure to challenge the IJ's determinations in her brief to the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1295-97 (9th Cir. 2019).

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. # 3) is otherwise denied.