NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ELSA LIDIA VILLEDA-ELVIR; JOSE ANDRES LOPEZ-REYES; J. A. L.-V.; B. L.-V., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2176 <br><br> Agency Nos. <br> A216-637-619 <br> A213-317-145 <br> A213-317-146 <br> A216-637-620 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026[**]
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON, Circuit Judges.[***]

Petitioners Elsa Lidia Villeda-Elvir and her husband José Andres López-

Reyes are natives and citizens of Honduras. Together, they seek review of the Board

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the 7th Circuit, sitting by designation.

of Immigration Appeals' (BIA) decision affirming the denial of their and their derivative family members' applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

1. Petitioners did not challenge the immigration judge's (IJ) determination that their proposed particular social group (PSG) "land ownership" was not cognizable. Accordingly, the BIA did not err in its determination that Petitioners waived the issue. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019).

2. To the extent Petitioners ask us to evaluate their petition based on the claimed PSG "family membership," that issue has not been exhausted because it was not raised to the agency. We therefore decline to consider it. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 948 (9th Cir. 2021); *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020).

3. Substantial evidence supports the agency's denial of Petitioners' CAT claims. The record evidence does not compel the conclusion that the Honduran government is likely to acquiesce in any future torture that they might suffer. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Petitioners also argue that the IJ's decision was inadequate because it did not address certain record evidence. However, the IJ specifically stated that she "considered all the evidence in the record, even if it is not specifically mentioned," and there is no indication that

25-2176

she did not do so. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

The motion to stay removal (Dkt. 2) is **DENIED** as moot.