**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSARIO CABRERA-AJMAC;
SHERIDAN MEJIA-CABRERA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-71472

Agency Nos.  A202-007-885
             A202-007-886

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
Pasadena, California

Before:    TASHIMA, COLLINS, and SANCHEZ, Circuit Judges.

Petitioner Rosario Cabrera-Ajmac, on behalf of herself and her minor

daughter, Sheridan Mejia-Cabrera, both natives and citizens of Guatemala,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petitions for review of a decision of the Board of Immigration Appeals ("BIA").[1]

The BIA dismissed Petitioner's appeal of a decision of the Immigration Judge

("IJ"), who denied her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

pursuant to 8 U.S.C. § 1252, and we deny the petition.

**1.** The BIA's finding that Petitioner failed to establish eligibility for

asylum or withholding of removal is supported by substantial evidence. *See*

*Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) ("Where the BIA

conducts its own review of the evidence and law, rather than adopting the IJ's

decision, our review is limited to the BIA's decision, except to the extent the IJ's

opinion is expressly adopted." (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169

(9th Cir. 2012))); *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018) (stating

that the BIA's legal conclusions are reviewed de novo and its factual findings for

substantial evidence). Even had Petitioner established persecution, the BIA's

determination that she also failed to establish that any purported harm was on

account of a protected ground is supported by substantial evidence. *See Villegas*

---

[1] Although Mejia-Cabrera filed her own application for relief from removal, the BIA correctly noted that it was "based on the same set of facts as her mother's claim." Accordingly, for convenience, we discuss only Cabrera-Ajmac's application and refer to her as "Petitioner."

*Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (explaining that an asylum applicant "has the burden of establishing that (1) h[er] treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control" (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010))). Moreover, Petitioner failed to establish her membership in her proposed social groups – Guatemalan females with money and evangelical Christian Guatemalan females who have opposed gang membership and gang authority. She testified that she did not have a lot of money and that she never publicly expressed opposition to gangs.

The BIA did not err in declining to consider Petitioner's redefined social groups of Guatemalan women and the family of her husband. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (concluding that "the Board did not err when it declined to consider [the petitioner's] proposed particular social groups that were raised for the first time on appeal"). We thus decline her request to consider her redefined proposed social groups.

**2.** The BIA's determination that Petitioner failed to establish eligibility for CAT relief is supported by substantial evidence. Petitioner has not shown that it is more likely than not that she would be tortured if removed to Guatemala.

3

*Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020). She has not established that she would be subjected to torture, which is "more severe than persecution," or that any torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* (first quoting *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018); and then quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014)).

The petition for review is **DENIED.**