**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDRA BEATRIZ ORELLANA-CARBAJAL; BLANCA ROSA SANCHEZ-ORELLANA; GUILLERMO JOSE SANCHEZ-ORELLANA, | No. 24-895 |
| | Agency Nos. A220-376-965 A220-376-963 A220-376-964 |
| Petitioners, | |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2025**
Pasadena, California

Before: CLIFTON, IKUTA, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Alexandra Beatriz Orellana-Carbajal,[1] a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

First, Orellana-Carbajal failed to show past persecution on account of a protected ground. None of the incidents described by Orellana-Carbajal in her declaration involved physical violence or a direct threat to Orellana-Carbajal. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). Second, substantial evidence supports the agency's determination that Orellana-Carbajal lacks an objectively reasonable well-founded fear of future persecution. *See Sharma*, 9 F.4th at 1065. The record lacks evidence that any perpetrators knew of Orellana-Carbajal or were looking for her, and her family has remained in Honduras without harm. Moreover, the agency adequately considered the record evidence about general threats to environmental groups. This generalized evidence of threats to

---

[1] Orellana-Carbajal's minor children are derivative beneficiaries of her asylum application.

environmental activists does not establish that Orellana-Carbajal faced an individualized risk of future persecution. *See* 8 C.F.R. § 1208.13(b)(2); *Hoque v. Ashcroft*, 367 F.3d 1190, 1197–98 (9th Cir. 2004). Because Orellana-Carbajal has not established past persecution and the evidence does not compel the conclusion that she has a well-founded fear of future persecution, we deny her petition as to asylum and withholding of removal.[2] *See Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024); *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) (explaining that withholding of removal's clear probability standard "is a more stringent burden of proof" than asylum's well-founded fear standard). Because Orellana-Carbajal has not established past persecution and the evidence does not compel the conclusion that she has a well-founded fear of future persecution, we need not address the other elements of her asylum or withholding claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Finally, substantial evidence supports the agency's determination that Orellana-Carbajal failed to show she would "more likely than not" be tortured upon removal to Honduras because her fear of torture is merely speculative.

---

[2] Because Orellana-Carbajal failed to present a pattern or practice theory to the IJ, the BIA did not err in concluding that she had failed to exhaust any pattern or practice claim. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). We therefore decline to address whether Orellana-Carbajal's pattern or practice claim has merit.

*Garcia*, 988 F.3d at 1148. Because the evidence does not compel the conclusion that Orellana-Carbajal would face a particularized and non-speculative risk of torture upon her return to Honduras, we deny the petition as to CAT relief. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

**PETITION DENIED.**