NOT FOR PUBLICATION

FILED

APR 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA ALEJANDRA MORALES-VALLADARES; EDISON ALVARADO-MORALES,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1742

Agency Nos.
A209-829-297
A209-829-298

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2025[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Maria Morales-Valladares ("Morales") and Edison Alvarado-Morales

("Alvarado-Morales"), natives and citizens of El Salvador, petition for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing their appeal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from an order of an Immigration Judge ("IJ") denying their petitions for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

We review the BIA's legal conclusions de novo, *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc), and its factual findings for substantial evidence, *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We must uphold the BIA's determination "unless the record compels a contrary conclusion." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). Where the BIA conducts its own review, our "review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quotation marks and citation omitted).

1. The BIA addressed only the issue of nexus in determining that Petitioners were not entitled to asylum and withholding of removal.[1] Accordingly, our review is limited to the nexus determination. *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

---

[1] Petitioners devote significant space in their brief to their alleged social groups, arguing the BIA erred in declining to address their arguments regarding cognizability. However, because the BIA dismissed the appeal solely on the dispositive issue of nexus, the issue of social group cognizability is not properly before this court. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).

23-1742

The BIA determined that "[t]he record evidence supports the [IJ]'s findings, as the gang members explicitly stated they were seeking money and intelligence about the neighborhood, and [Morales] did not testify that the gang made other statements or engaged in conduct prior to, during, or after these encounters establishing they were or will be motivated to harm her or [Alvarado-Morales] on account" of a protected status. Petitioners argue that this conclusion is "naïve and unfounded." Petitioners, however, cite no specific evidence in the record demonstrating that the gang in question targeted Morales or Alvarado-Morales based on their membership in any of their five proposed social groups or their two asserted political opinions. Rather, Petitioners rely only on general evidence of gang violence and their fear thereof. This is insufficient to compel a conclusion contrary to that of the BIA. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("A[] [non-citizen]'s desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. The BIA found that Petitioners had raised "a new argument on appeal, claiming that [they] are eligible for asylum because [they] can show a 'pattern or practice' of persecution of a group to which [Morales] belongs." Because Petitioners "did not raise a 'pattern or practice' argument before the [IJ]," the BIA declined to consider it.

Petitioners did not use the term "pattern or practice" in their case before the IJ. However, Petitioners assert the IJ understood there to be a gender-based claim and that claim was based, at least in part, on the evidence of widespread violence facing women in the country. In other words, Petitioners appear to assert that the pattern or practice claim was implicit in their social group arguments presented to the IJ. We disagree.

The BIA may in "its role as an appellate body" decline to hear arguments raised for the first time on appeal. *Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019). Petitioners are correct that we have never required a "magic words" test to preserve arguments. However, it does not necessarily follow that the BIA must accept an argument that was only implicitly raised. Accordingly, the BIA was not compelled to address this argument because it was concededly not directly raised before the IJ.

3. Finally, Morales argues that the BIA erred in concluding that she and her son would not be tortured if returned to El Salvador and in upholding the IJ's findings of a lack of government acquiescence. We review for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for CAT protection. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

It is uncontested that Petitioners were never physically harmed in El

Salvador, and Petitioners do not cite any specific evidence in the record demonstrating that they would be tortured if they return to El Salvador. Instead, they rely on two alleged gang threats and the country conditions report. We find that these do not compel a contrary conclusion to that reached by the agency. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (denying CAT protection where petitioner received two death threats from private actors but was not tortured in the past); *see also Dawson v. Garland*, 998 F.3d 876, 883 (9th Cir. 2021) (finding threatening incidents, without more, do not compel a finding of past torture or that future torture is likely).

Petitioners' argument as to government acquiescence similarly fails. While the country conditions evidence shows the presence of gang and criminal activity and police ineffectiveness in El Salvador, the record does not compel the conclusion that the Salvadoran government acquiesces in gang violence. There is no significant record evidence that the government acts in concert with gangs or turns a blind eye to their activities. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have reversed agency determinations that future torture is not likely only when the agency failed to take into account *significant evidence* establishing government complicity in the criminal activity." (emphasis added)).

**PETITION FOR REVIEW DENIED.**