NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAY 9 2025

FOR THE NINTH CIRCUIT

EVELIA PASCACIO SANCHEZ;
NOHEMI MORALES PASCACIO;
GEOVANNI MORALES PASCACIO;
ADALID MORALES PASCACIO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1021

Agency Nos.
A206-913-332
A206-913-333
A206-913-334
A206-913-336

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 21, 2024
Submission Vacated March 3, 2025
Resubmitted May 7, 2025
Portland, Oregon

Before: CHRISTEN, NGUYEN, and HURWITZ, Circuit Judges.

Evelia Pascacio Sanchez ("Pascacio-Sanchez"), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision

dismissing her appeal from an order by an Immigration Judge ("IJ") denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

applications for asylum, withholding of removal, and protection under the Convention against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review legal questions de novo and factual findings for substantial evidence. *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1449 (9th Cir. 1994). De novo review is appropriate for determining whether the agency "meaningfully engaged with" a noncitizen's proposed particular social groups ("PSGs"). *Acevedo Granados v. Garland*, 992 F.3d 755, 761, 764 (9th Cir. 2021). We grant the petition in part and deny it in part.

1. The BIA erred in declining to consider Pascacio-Sanchez's challenge to the IJ's PSG finding. Although it is not error for the BIA to decline to consider proposed PSGs which were not raised before the IJ, *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019), "IJs and the BIA are not free to ignore arguments raised by a petitioner," *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). In her appeal brief to the BIA, Pascacio-Sanchez describes her proposed PSGs as: "immediate family members of a police officer who was kidnapped by the Zetas cartel; members of the immediate family; members of a group identified who report crimes to law enforcement, assist law enforcement and activity, as well as family members of a police officer." This mirrors almost exactly the proposed PSGs considered by the IJ. While Pascacio-Sanchez's BIA brief goes on to discuss

---

[1] Three of her children are riders on her application.

PSGs that do not precisely reflect the original formulations before the IJ, the analysis nonetheless preserves her PSG challenge. Because the BIA's decision was based solely on the purported forfeiture of Pascacio-Sanchez's PSG challenge, we remand so the BIA may address the matters raised in her appeal in the first instance. *Navas v. INS*, 217 F.3d 646, 658 n.16 (9th Cir. 2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely."); *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

2. Substantial evidence supports the BIA's finding that Pascacio-Sanchez does not qualify for CAT relief, because her fear of future torture is too speculative. *See Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). And we decline to consider for the first time on appeal Pascacio-Sanchez's argument that the BIA erred in not explicitly considering certain evidence in upholding the IJ's denial of CAT relief. 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION GRANTED IN PART AND REMANDED IN PART; DENIED IN PART.** Each party shall bear its own costs.