NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN TOMAS ESTRADA-HURTADO; DELMY ARELY TORRES-DE ESTRADA; CAMILA ALEXANDRA ESTRADA-TORRES; EMILY YULESIS ESTRADA-TORRES,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-702

Agency Nos.
A208-996-380
A208-996-314
A208-996-315
A208-996-381

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025[**]
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

Petitioners Edwin Tomas Estrada-Hurtado, Delmy Arely Torres-De Estrada,

and their two minor children—all citizens and natives of El Salvador—petition for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of a decision of the Board of Immigration Appeals dismissing their appeal from an order of an immigration judge denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Under the substantial-evidence standard, "we may reverse only if the evidence compels a conclusion contrary to the [Board's]." *Id.* (citing *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)).

1. To establish eligibility for asylum, applicants must show a subjectively genuine and objectively reasonable fear of future persecution on account of a protected ground. *Nagoulko v. INS*, 333 F.3d 1012, 1015–16 (9th Cir. 2003). One way to satisfy the objective component of that burden is by showing past persecution, which gives rise to a rebuttable presumption of future persecution. *Id.* at 1016. However applicants seek to show an objectively reasonable fear of future persecution, they must establish that any past harm (or feared future harm) was (or would be) committed by the government or "by forces that the government was unable or willing to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez*, 850 F.3d 1051, 1062 (9th Cir. 2017)).

Petitioners testified they were harmed by gang members, and the

immigration judge determined that petitioners' testimony and country conditions evidence failed to demonstrate that the Salvadoran government was unwilling or unable to control those private actors. Petitioners' appeal brief before the Board merely asserted that "[i]n her application, supporting materials, and her hearing testimony, Appellant has established that it is more likely than not that her life and freedom would be threatened because of a lack [of] Police protection from her persecutors." The brief did not attempt to explain why the immigration judge's determination—which was based on Torres-De Estrada's testimony (including that she did not contact the police) and petitioners' own country conditions evidence showing that the Salvadoran government is actively working to improve its control of gang violence —was incorrect. As a result, the Board concluded that petitioners did not "meaningfully challenge" that determination and thus "deem[ed] the issue[] waived."

The Board did not err in applying its procedural default rule and concluding that petitioners had forfeited any challenge to the immigration judge's determination. *See Honcharov v. Barr*, 924 F.3d 1293, 1295–97 (9th Cir. 2019); *Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019). Therefore, petitioners have not shown an objectively reasonable fear of future persecution, so their asylum claim fails.

2. To qualify for withholding of removal, an applicant must demonstrate that

"it is more likely than not that he would be subject to persecution on one of the specified grounds." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (quoting *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057 (9th Cir. 2010)). Because petitioners cannot establish a reasonable fear of persecution, they cannot satisfy that higher standard. *See also Velasquez-Gaspar*, 976 F.3d at 1065 (denying withholding of removal where petitioner failed to establish that the government was unable or unwilling to control private actors as "withholding of removal also turns on this factor").

3. To be eligible for CAT relief, an applicant must demonstrate that "it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2). To constitute torture, mistreatment must be inflicted "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008).

Substantial evidence supports the Board's determination that petitioners have not shown that they are more likely than not to be tortured if returned to El Salvador. Petitioners assert that they "run a great risk in returning," but the record is devoid of evidence that anyone in El Salvador maintains an active interest in them, and their remaining family in the country has not been harmed. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("The record must show that it is more

likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." (citing *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022))).

The temporary stay of removal will remain in place until the issuance of the mandate. The motion for a stay of removal (Dkt. No. 3) is otherwise denied.

**PETITION DENIED.**