**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIAN ESTIVEL PINZON-CAVIEDES;
MARIA FELISA UBAQUE-SILVA;
LESLY CAMILA SANCHEZ-UBAQUE;
Y. P.-U.; M. J. P.-U.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1515

Agency Nos. A240-876-115
A240-876-116
A240-876-117
A240-876-118
A240-876-119

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025**
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioners Julian Estivel Pinzon-Caviedes, his wife Maria Felisa Ubaque-

Silva, their two minor daughters, and Maria's daughter Lesly Camila Sanchez-

Ubaque, all natives and citizens of Colombia, petition for review of a decision of

the Board of Immigration Appeals ("BIA") upholding an order of an Immigration

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

Judge ("IJ") denying their applications for asylum and withholding of removal.[1]

We have jurisdiction under § 242(a) of the Immigration and Nationality Act, 8 U.S.C § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for asylum or withholding of removal, an applicant must show a "nexus" between past or feared future harm and "a protected ground." *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023). "[M]embership in a particular social group" and an applicant's "political opinion" are two such protected grounds. 8 U.S.C. § 1101(a)(42)(A); *see also id*. § 1231(b)(3)(A). Pinzon-Caviedes, a victim of extortion in Colombia, asserted that his past mistreatment was based on his membership in several particular social groups,

---

[1] Each of the five family members filed separate applications for asylum, withholding of removal, and protection under the Convention Against Torture. Pinzon-Caviedes's wife and the children are also listed as riders on his asylum application, and the children are also listed as riders on their mother's application. Because each family member relies upon the same underlying evidence concerning Pinzon-Caviedes, our merits analysis is the same for all Petitioners with respect to the respective relief for which they may be considered. However, because Petitioners' opening brief has not "specifically and distinctly" challenged the agency's denial of relief under the Convention Against Torture, that issue is not before us. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (citation omitted).

including: "immediate family member of" Pinzon-Caviedes's brother; "Colombian national who actively opposes criminal organization by reporting them to the government"; "Colombian national who actively opposes criminal organizations"; and "Colombian national who does not belong to any criminal organization."[2] Pinzon-Caviedes further asserted that his attackers were motivated by his asserted anti-extortion political opinion. Finally, he also claimed a fear of future harm based on the potential recurrence of similar attacks.

Substantial evidence supports the agency's conclusion that there was a "complete and total lack of nexus" between any protected ground and Pinzon-Caviedes's past or feared future harms. Pinzon-Caviedes testified that his attackers questioned him about whether he needed a loan and told him that they observed that his business "runs very well." He acknowledged that their perception of his financial success motivated their attempt to coerce him into splitting the business's profits with them. On this record, the agency reasonably concluded that Pizon-Caviedes's past mistreatment was motivated "solely" by "pecuniary gain."

Because Pinzon-Caviedes failed to establish a nexus to a protected ground, he is ineligible for asylum or withholding of removal. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). Petitioners' applications for relief

---

[2] On appeal to the BIA, Pinzon-Caviedes proposed an additional particular social group, "Colombian business owners." Because Pinzon-Caviedes did not propose this group before the IJ, the BIA properly declined to consider it on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

were therefore properly denied.

**PETITION DENIED.**