NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAUL ELISO ALVARENGA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 19-70700

Agency No. A205-991-889

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 10, 2026
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB,** District
Judge.

Petitioner Saul Eliso Alvarenga, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals ("BIA") order upholding an

immigration judge's ("IJ") denial of asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John W. Holcomb, United States District Judge for the
Central District of California, sitting by designation.

U.S.C. § 1252(a)(1). We deny the petition in part, grant the petition in part, and remand for further proceedings consistent with this disposition.

1. Substantial evidence supports the BIA's determination that Petitioner's reasons for his untimely asylum filing—his youth, ignorance of the laws, and inability to read or write English—do not amount to extraordinary circumstances under 8 U.S.C. § 1158(a)(2)(D). *See Ruiz v. Bondi*, 163 F.4th 586, 599 (9th Cir. 2025) (explaining that we review for substantial evidence the agency's extraordinary circumstances determination). We have held that materially similar circumstances are not extraordinary. *See Alquijay v. Garland*, 40 F.4th 1099, 1103–04 (9th Cir. 2022).

As to Petitioner's argument that he qualifies for an exception to the filing deadline based on changed circumstances, the BIA properly declined to address such argument because Petitioner failed to raise it before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019) (per curiam).

2. Contrary to Respondent's argument, Petitioner has sufficiently raised a challenge to the BIA's adverse credibility determination. We review the BIA's adverse credibility determination for substantial evidence, *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021), and we may remand an adverse credibility determination for reconsideration when "several rejected findings . . . all but gut the BIA's adverse credibility determination," *id.* at 1156.

2

The BIA based its adverse credibility determination on four grounds: (1) Petitioner omitted from his affidavit that he had made extortion payments to gang members each week for several months; (2) Petitioner testified inconsistently about who extorted him the second time; (3) Petitioner testified inconsistently about when he made the extortion payments; and (4) Petitioner's testimony omitted information that he included in his affidavit about his mother's car accident, which, in the BIA's view, was connected to the gang's extortion threats.

The first and third grounds are not supported by the record. As to the first ground, Petitioner's affidavit disclosed that he had made extortion payments: "In my family I am the only one that works and *I could not pay one day*. I was told by a gang member, the one they call 'the strange one' and I was told that I only had one more opportunity." (emphasis added). This statement shows that Petitioner had been paying until one day when he was no longer able to pay. The third ground was based on the BIA's incorrect finding that Petitioner changed his answer about the timing of his payments after being reminded of his departure date from El Salvador. Our review of the transcript reveals that Petitioner never changed his answer in response to being confronted with his departure date.

Given the nature and number of the invalid grounds, we remand for reconsideration of whether the two remaining grounds are enough to sustain an

adverse credibility determination.[1]  *See Kumar*, 18 F.4th at 1156.  We thus grant the petition as to the withholding of removal and CAT claims.[2]

**PETITION DENIED IN PART, GRANTED IN PART, AND REMANDED.**

---

[1] On remand, the BIA should comply with its obligation to give Petitioner an opportunity to explain any inconsistencies that are used to support an adverse credibility determination. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009).

[2] By challenging the adverse credibility determination—which the BIA treated as dispositive in denying withholding of removal and CAT relief—Petitioner has sufficiently raised a challenge to the denial of both withholding of removal and CAT relief.

4