NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CIPRIANO CONTRERAS-LOPEZ, | No. 25-544 |
| Petitioner, | Agency No. A216-277-339 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2026**
Pasadena, California

Before: N.R. SMITH, BENNETT, and MENDOZA, Circuit Judges.

Cipriano Contreras Lopez ("Petitioner"), a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") refusal to accept a motion as untimely, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

declining to reopen proceedings sua sponte. We have jurisdiction as to the first issue under 8 U.S.C. § 1252, and we deny the petition as to that issue. We have no jurisdiction as to the second issue, and so we dismiss the petition in part.

Petitioner's Notice to Appear was issued while he was in ICE custody, so his case was originally set on the docket for detained aliens at the Immigration Court in Otay Mesa, California. On October 29, 2018, before his first calendar hearing, Petitioner was released on bond. Two days later, at the first calendar hearing, Petitioner stated that he intended to file a written motion objecting to the government's Record of Deportable/Inadmissible Alien. Petitioner also moved for a change of venue because he was no longer detained. The Otay Mesa IJ granted the motion and transferred venue to the Immigration Court in San Diego, and set a filing deadline requiring all written motions and objection to be filed no later than November 13, 2018. The IJ specified that she was "setting a filing deadline" even though the venue had been changed and even though the objection would "have to be filed at the new court."

Petitioner's attorney prepared and then *signed* amotion to terminate and/or suppress evidence on the November 13 deadline, and mailed it to the court that same day. The motion was received by and filed with the San Diego Immigration Court on November 15, 2018, two days past the filing deadline. At Petitioner's first hearing before the San Diego IJ, the IJ refused to accept the motion because it was

late. In response, Petitioner's lawyer asked the IJ when the motion was filed, and when the IJ stated it was filed on November 15, Petitioner's lawyer replied, "[o]kay, it might have been for some reason mailed that date [likely meaning November 13]. Okay, understood." Petitioner's lawyer did not object, either orally or in writing, to the IJ's refusal to accept the motion.

At the same hearing, Petitioner indicated to the San Diego IJ that he intended to file an application for cancellation of removal. The IJ set a deadline of May 31, 2019. But by February 14, 2020, Petitioner had not filed the application. The IJ therefore issued an order of removal on that date.

Petitioner appealed the order of removal to the BIA. He challenged the IJ's refusal to accept his motion to terminate and/or suppress as untimely, arguing that the November 13 deadline was invalid because the deadlines should have been reset when his case was transferred to the non-detained docket. And he requested the BIA use its "sua sponte" authority to reopen proceedings to allow him to file an application for cancellation of removal.

With respect to the motion to terminate and/or suppress, the BIA deemed the timeliness argument waived because "[Petitioner], through counsel, did not object to the denial of this motion before the Immigration Judge" and because "on appeal, the [Petitioner] has not cited to any authority to support his argument that the deadlines should reset upon transfer." The BIA thus "decline[d] to address this

argument as not properly before" it. But it also stated that "even if we were to consider this argument, the [Petitioner] has not met his burden to establish a prima facie case of an egregious violation of his Fourth Amendment rights," because he did not "provide specific, detailed statements or other evidence based on personal knowledge, that may not be based on representations made by counsel."

As for the request to reopen proceedings, the BIA noted that "[s]ua sponte authority may be exercised to reopen in 'truly exceptional situations' where the interest of justice would be served." But it "decline[d] to exercise [its] sua sponte authority to reopen these proceedings" because Petitioner's "failing to meet filing deadlines does not constitute exceptional circumstances."

1. On appeal, Petitioner argues that the deadlines should have been reset, but he does not engage with the BIA's finding that he had waived his challenge to the IJ's timeliness finding. His challenge to the BIA's waiver finding is therefore forfeited. *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025). In any event, the BIA did not err by finding the issue waived and dismissing on that basis. The BIA may apply a procedural default rule deeming waived any arguments presented to it that were not first presented to the IJ. *Honcharov v. Barr*, 924 F.3d 1293, 1296–97 (9th Cir. 2019) (per curiam). And Petitioner did not challenge the rejection of the motion before the IJ.

Even assuming the issue is neither forfeited nor waived, the argument would be meritless. When the Otay Mesa IJ set the deadline and transferred venue, she expressly stated that the deadlines would apply to the proceedings on the new docket. And Petitioner has submitted no authority for the proposition that the deadlines from the previous docket were not valid on the new docket. We therefore **DENY** Petitioner's challenge to the BIA's decision on this issue.

2. The BIA's "decision of whether or not to reopen a removal proceeding *sua sponte* is a purely discretionary decision that we lack jurisdiction to review." *Magana-Magana v. Bondi*, 129 F.4th 557, 575 (9th Cir. 2025). "[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). But "[t]he scope of our review under *Bonilla* is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion, or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (internal citations omitted).

In this case, the BIA correctly recognized that it had discretion and then expressly declined to exercise that discretion. Because the review Petitioner seeks is therefore outside the "limited" scope of our jurisdiction under *Bonilla* and *Lona*,

we lack jurisdiction as to this part of the petition.  *See Magana-Magana*, 129 F.4th at 565.

**DENIED in part and DISMISSED in part.**[1]

---

[1] The temporary stay of removal (Dkt. No. 3) shall remain in place until the mandate issues.  The motion to stay removal is otherwise denied.