NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUBITZEL ECHEVERRIA NAJERA;
ARON ARELLANO SOTELO; I. E. A.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-3786

Agency Nos.
A246-754-759
A246-754-758
A246-754-760

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Rubitzel Echeverria Najera, her husband, Aron Arellano Sotelo, and their

minor son, natives and citizens of Mexico, petition for review of the Board of

Immigration Appeals' ("BIA") decision dismissing their appeal from the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We deny the petition.

1.   <u>Asylum and Withholding of Removal:</u>   The BIA denied asylum and withholding of removal because Petitioners failed to demonstrate a causal nexus between the harm alleged or feared and a protected ground. "We review for substantial evidence the BIA's determination that [Petitioners] ha[ve] failed to establish eligibility for asylum or withholding of removal." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). Substantial evidence supports the agency's finding that the cartel was motivated by the general criminal goal of financial gain, not Petitioners' membership in any proposed PSG.[1] The record shows that on individual occasions, Petitioners and their relatives were victims of general criminal activity, which does not, by itself, establish a nexus to a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023). The record does not compel the conclusion that a proposed PSG motivated the perpetrators. Thus, Petitioners'

---

[1] For purposes of assessing the nexus requirement, the agency assumed all proposed PSGs were cognizable. We do as well.

asylum and withholding of removal claims fail.[2]  *See id.* at 1019, 1024; *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

2.  <u>Humanitarian Asylum:</u>  The BIA did not err in declining to address Petitioners' humanitarian asylum claim in the first instance.  *See Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019).  Petitioners did not present any argument on, or specifically raise the issue of, humanitarian asylum before the IJ.

3.  <u>CAT:</u>  Substantial evidence supports the agency's denial of CAT protection.  Petitioners failed to establish before the IJ that they more likely than not would be tortured by, or with the acquiescence of, public officials if removed to Mexico, as required to qualify for CAT protection.  *See Rodriguez-Zuniga*, 69 F.4th at 1023.  Petitioners did not establish past torture, an individualized risk of torture, or inability to relocate.  And the record reflected the Mexican government's genuine efforts to combat cartel activity.  Thus, the record does not compel the conclusion that it is more likely than not that Petitioners will face state-sponsored torture if they return to Mexico.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704–07 (9th Cir. 2022).

**PETITION DENIED**.[3]

---

[2] Because Petitioners failed to demonstrate that the perpetrators were motivated by any protected ground at all, their asylum and withholding of removal claims fail regardless of the nexus standard applied.  *See Rodriguez-Zuniga*, 69 F.4th at 1018.

[3] The Motion to Stay Removal (Dkt. No. 2) is denied.